**EDGE PARTNERS, L.P., Plaintiff,**

v.

**William B. DOCKSER, et al., Defendants.**

**Civil No. AW–95–1818.**

United States District Court,
D. Maryland.

Oct. 11, 1996.

Ronald B. Rubin, Washington, DC, for plaintiff.

William F. Causey, and D. Annette Fields, Washington, DC, for defendants Dockser and Willoughby; Robert P. Trout, Washington, DC, Richard O. Duvall, and Melinda Burrows, Washington, DC, for defendants Tardio, Carlson, and Dunnells; Howard V. Sinclair, and Hunter T. Carter, Washington, DC, for defendant Criimi Mae, Inc.

*MEMORANDUM OPINION*

WILLIAMS, District Judge.

Presently pending before the Court for consideration are Defendants' Motions to Dismiss. Plaintiff has filed a response to which Defendants have replied. The Court has reviewed the parties' papers and the applicable law and finds that no hearing is necessary. Local Rule 105.6 (D.Md.). For the reasons stated below, Defendants' Motions to Dismiss will be denied.

## I. *BACKGROUND AND PRIOR PROCEDURE*

Plaintiff, a Delaware limited partnership, is a shareholder of the nominal defendant corporation, Criimi Mae Incorporated ("Criimi"). Defendants William B. Dockser ("Dockser") and H. William Willoughby ("Willoughby") are directors and senior executive officers of Criimi and sole owners of C.R.I. Incorporated ("CRI") and its affiliates. Additionally, defendants Robert Tardio, Garrett G. Carlson, and G. Richard Dunnells are members of the Board ("the Board") and comprised a Special Committee appointed to consider the transaction at issue in this case.

Upon recommendation by the Special Committee, the Board (with Dockser and Willoughby abstaining) unanimously approved a proposal under which Criimi would acquire CRI Mortgage Businesses from CRI. The proposal was described in an April 28, 1995 Proxy Statement and letter sent to stockholders by Defendants. Thereafter, Plaintiff initiated a derivative action on June 19, 1995 against Defendants alleging violations of § 14(a) of the Securities Exchange Act of 1934, as amended and Rule 14a–9 which the Commission has promulgated thereunder. Additionally, Plaintiff brought state law claims against Defendants for alleged breaches of fiduciary duties and waste of corporate assets. On June 21, 1995, the stockholders approved the proposal at a scheduled Special Meeting. In response to Plaintiff's complaint, each set of Defendants filed separate Motions to Dismiss (incorporating arguments from each).

The Court held a hearing with respect to this matter on December 18, 1995. After considering the entire file and listening carefully to the oral arguments presented at the hearing, the Court orally granted each set of Defendants' Motions to Dismiss. However, the Court granted Plaintiff 30 days leave to amend its complaint. Additionally, the Court

advised Plaintiff that it must plead specific facts to show the following: (1) that there is a viable claim under § 14(a); and (2) that any efforts to make the required demand would have been futile.

## II. *PRESENT PROCEDURE*

Plaintiff filed an amended complaint against Defendants on February 23, 1996. Plaintiff brings a direct and class action under § 14(a) of the Securities Exchange Act of 1934, as amended and Rule 14a–9. Additionally, Plaintiff realleges a derivative action based on breaches of fiduciary duties and corporate waste.

In the amended complaint, Plaintiff alleges several instances in which the proxy statement at issue contained materially false and misleading information and failed to disclose certain material facts. Additionally, Plaintiff asserts that as a result of Defendants approving and making the purchase, they breached their fiduciary duties to Criimi and wasted corporate assets.

Defendants filed separate Motions to Dismiss Plaintiff's amended complaint (incorporating arguments from each) based on the following grounds: (1) failure to state a claim upon which relief may be granted; (2) failure to comply with the procedural requirements of Federal Rules of Civil Procedure 23.1; (3) failure to satisfy the pleading requirements under the Private Securities Litigation Reform Act of 1995; and (4) lack of supplemental jurisdiction under 28 U.S.C. § 1367(c).[1]

## III. *DISCUSSION*

Under Fed.R.Civ.P. 12(b)(6), a court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). For purposes of a motion to dismiss, "all allegations in the [complaint] are taken as true and all contravening allegations are taken to be false." *See generally* 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1368 at 520 (1990).

### A. Count I—Violation of § 14(a)

Defendants contend that Count I should be dismissed for several reasons. Defendants argue that because the claim does not allege injury to Plaintiff, but only to Criimi, Plaintiff has no standing to bring a direct or class action under § 14(a). However, Defendants do contend that if Plaintiff is allowed to bring this claim as a class action, it still must be dismissed for its failure to comply with the Private Securities Litigation Reform Act of 1995 ("the Reform Act").[2] Also, Defendants maintain that the alleged misstatements and omissions are not actionable under § 14(a) because they are not material.

Plaintiff responds by first pointing to paragraphs 43 through 57 of its complaint to show that it did allege injury to itself and other shareholders. Moreover, Plaintiff argues that based on these allegations, it may bring a direct and class action under § 14(a). Furthermore, Plaintiff contends that its class action is not governed by the Reform Act because its case was still pending on December 22, 1995. Additionally, Plaintiff refutes Defendants' argument that the alleged misrepresentations and omissions are not material.

It is well settled that § 14(a) of the Securities Exchange Act grants an implied private right of action. *J.I. Case Co. v. Borak*, 377 U.S. 426, 430–31, 84 S.Ct. 1555, 1559, 12 L.Ed.2d 423 (1964). Inasmuch as Plaintiff has adequately alleged § 14(a) violations, it may bring a direct cause of action under the provision.

In its amended complaint, Plaintiff has asserted what it believes to be a number of false, misleading, and omitted statements involving the proxy statement disseminated by Defendants. In paragraph 50, Plaintiff's allegation that "the proxy falsely states that the Purchase 'is fair to, and in the best interest of, Criimi Mae and its stockholders

---

1. Because each set of defendants incorporate arguments from each Memorandum in support of the Motions to Dismiss, they will be referred to collectively.

2. In deed, Defendants anticipate Plaintiff's contention that the Reform Act does not apply to its class action because its case was commenced and still pending on December 22, 1995.

other than the Principals,'" could reasonably be construed as the type of statement that has been found to support a claim under § 14(a).[3] *See Virginia Bankshares, Inc., et al. v. Sandberg, et al.,* 501 U.S. 1083, 1087, 111 S.Ct. 2749, 2755, 115 L.Ed.2d 929 (1991) (holding that knowingly false statements of reasons, opinion, or belief may be actionable [under § 14(a) ] even though conclusory in form). However, the questions of whether this statement is false and Defendants made it knowing it to be such cannot be appropriately resolved on a motion to dismiss. Therefore, the Court finds that this allegation is at least sufficient to establish a § 14(a) claim.

■ Also, the Court will not address the materiality issue with respect to Plaintiff's § 14(a) allegations at this rather early stage of the case. Indeed, a court must be careful in considering whether the materiality of an alleged § 14(a) violation should even be decided on a summary judgment motion. *TSC Industries, Inc., et al. v. Northway, Inc.,* 426 U.S. 438, 450, 96 S.Ct. 2126, 2133, 48 L.Ed.2d 757 (1976). Furthermore, depending on what develops through discovery, the issue of materiality may be better left to the trier of fact. *Id.; See also Lockspeiser v. Western Maryland Co. and CSX Corp. and CSX Minerals, Inc.,* 768 F.2d 558, 561 (4th Cir.1985) (finding that the issue of materiality should be left to trier of fact).

■ Finally, both sides admit that the Reform Act does not apply to class actions that were commenced *and* pending on December 22, 1995. However, the issue is whether Plaintiff's class action was still "pending" on December 22, 1995 after the Court dismissed the initial complaint with leave to amend. The Court finds that this case was still pending before the Court on December 22, 1995

because its order dismissing the case and granting leave to amend was not final. *See generally* 15A C. Wright, A. Miller & E. Cooper *Federal Practice and Procedure* § 3914.1, at 494–95 (1992). Therefore, the Reform Act is inapplicable to Plaintiff's § 14(a) claim. Additionally, In light of the policy behind Fed.R.Civ.P. 15, the Court will permit Plaintiff to bring Count I as a class action upon certification. At some point, the Court, most likely will be asked to consider whether this is an appropriate matter for class action. Accordingly, Defendants Motions to Dismiss will be denied for the reasons already stated.

**B. Count II—Breaches of Fiduciary Duties**

Defendants argue that Plaintiff has not made out a claim under Count II because it has not alleged specific conduct that would overcome the presumptions of the business judgment rule. Additionally, Defendants contend that Plaintiff has not alleged precise activity that could amount to a breach of fiduciary duty.

Defendants also assert that Count II must be dismissed for failure to make the requisite pre-suit demand on the Board and the shareholders or plead particularized facts that show futility.

Plaintiff argues that because it has stated causes of action against Defendants for gross negligence and corporate waste, the presumptions of the business judgment rule is inapplicable. Thus, as maintained by Plaintiff, the burden now shifts to Defendants to show that they complied with Md.Corps & Assoc.Code Ann. § 2–405.1.[4]

Additionally, Plaintiff contends that it has alleged with particularity the reasons why

---

**3.** Plaintiff does detail in its amended complaint the alleged reasons why this statement is false.

**4.** Md.Corps. & Ass'ns.Code Ann. § 2–405.1(a) (1993) provides that:

A director shall perform his duties as a director, including his duties as a member of a committee of the board on which he serves:
(1) In good faith;
(2) In a manner he reasonably believes to be in the best interests of the corporation; and

(3) With the care that an ordinarily prudent person in a like position would use under similar circumstances.
§ 2–405.1 has been characterized as a codification of the business judgment rule. *Yost v. Early,* 87 Md.App. 364, 589 A.2d 1291, 1298 (1991) (citing Savings and Loan Associations, 62 Op.Att'y Gen. 804, 811–12 (1977)). While on the other hand, it has been stated that § 2–405.1 is the code of conduct for directors, and the business judgment rule is to assist with judicial review. *Id.*

the pre-suit demand on the Board and the shareholders would have been futile. Plaintiff argues further that nominal defendant Criimi has not provided reasons as to why a demand would not be futile.

It is well settled that the business judgment rule is a presumption that the decisions of corporate directors were made on "an informed basis, in good faith and in the honest belief that the action taken was in the best interest of the company." *Yost,* 589 A.2d at 1298 (citing *Aronson v. Lewis,* 473 A.2d 805, 812 (Del.1984)). If Defendants properly exercised their business judgment, they will not be liable unless they committed acts that constitute gross negligence, waste of corporate assets or culpable negligence. *Parish v. Maryland & Virginia Milk Producers Ass'n,* 250 Md. 24, 242 A.2d 512, 540 (1968).

■ The Court finds that Plaintiff has alleged sufficient facts to state a cause of action for gross negligence and waste of corporate assets. In Paragraphs 58–60 of the amended complaint, Plaintiff alleges that Defendants' reliance on the fairness opinion by Duff & Phelps, on any comparative company analysis done by Duff and Phelps, and on Merrill Lynch in approving the transaction at issue were grossly negligent. Additionally, Plaintiff asserts why Defendants' alleged reliance on the above was grossly negligent. Also, Plaintiff alleges in paragraph 61 that the value of the transaction at issue was "materially overstated." To support this, Plaintiff alleges in paragraph 52 that "under generally accepted valuation methods and standards, and utilizing accurate information," the value of the Cri Mortgage Businesses were substantially less than 33 million dollars. As a result, Plaintiff posits that Defendants committed corporate waste by purchasing Cri Mortgage Businesses for this amount.

■ Finally, in bringing a derivative action, a shareholder must comply with Fed. R.Civ.P. 23.1. Under this rule, Plaintiff cannot initiate this action unless it, *inter alia,* has alleged the following with particularity: (1) its efforts to make a demand on the Board, and shareholders, if necessary, and the reasons for its failure to obtain action; or

(2) the reasons why demand would have been futile. In determining whether the pre-suit demand requirement has been excused because futility existed, the Court must apply the law of the state of incorporation. *Kamen v. Kemper Fin. Services, Inc., et al.,* 500 U.S. 90, 97, 111 S.Ct. 1711, 1716–17, 114 L.Ed.2d 152 (1991).

■ Under Maryland law, a complaint that sufficiently states a cause of action against the Board for fraud, concealment, illegality, gross negligence, waste of corporate assets, or adequately alleges that a majority of the Board has taken part in the asserted wrongdoing has established futility. *Parish,* 242 A.2d at 545.

■ As stated above, Plaintiff has pled a cause of action for gross negligence and a waste of corporate assets. Thus, the Court finds that any demand on the Board would have been futile. Additionally, the Court finds that a pre-suit demand on the shareholders of the corporation would have been futile because Plaintiff has alleged that the entire Board committed the wrongful conduct. As a result, the shareholders would have to insist that Defendants commence an action against themselves. *Zimmerman, et al. v. Griffin Bell, et al.,* 585 F.Supp. 512, 515 (D.Md.1984). It can reasonably be argued that the corporation under the Defendants' control could not effectively litigate the claim. *Parish,* 242 A.2d at 545. Accordingly, Defendants' Motions to Dismiss Count II will be denied.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss as to Count I and II will be denied. At this point, Plaintiff has sufficiently pled causes of action in order to continue the litigation.

## ORDER

In accordance with the Memorandum Opinion, it is this 11th day of October, 1996 ORDERED:

1. That the Motions to Dismiss as to Counts I and II BE, and the same hereby IS, DENIED; and

2. That Defendants Dockser, Willoughby, Tardio, Carlson, Dunnells, and Nominal Defendant Criimi Mae are directed to answer Plaintiff's complaint within (10) days of this order.

3. That the Clerk of the Court mail copies of the Memorandum Opinion and this Order to all counsel of record.